**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

KEITH LEONARD FOSTER,
  *Defendant-Appellant.*

No. 03-4080

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-248)

Submitted: July 24, 2003

Decided: August 1, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Keith Leonard Foster appeals his conviction based upon a written plea agreement and sentence of charges on distribution and possession of cocaine and crack cocaine with intent to distribute, and conspiracy to distribute and to possess cocaine and crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). After conducting a thorough Fed. R. Crim. P. 11 colloquy, the district court found Foster guilty, and sentenced him to 151 months' imprisonment and five years' supervised release. Foster's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming abuse of discretion in the district court's denial of Foster's motion to withdraw his guilty plea, and error in the district court's failure to compel the government to file a downward departure motion based on substantial assistance, but concluding that there are no meritorious grounds for appeal. Foster was notified of his right to file an additional brief, which he failed to do. In accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal.

We find no merit to Foster's specific claims on appeal. The district court complied with the mandates of Fed. R. Crim. P. 11, and Foster testified specifically during that hearing that the plea agreement, which contained no provision or promise of a USSG § 5K1.1 motion for downward departure for substantial assistance, reflected the entire agreement between he and the government, and that there were no promises made to him other than those promises outlined in his plea agreement. The record reflects that Foster's plea was knowing and voluntarily entered into. Because Foster failed to present a fair and just reason to withdraw his guilty plea, we find no abuse of discretion by the district court in its failure to allow the withdrawal. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Moreover, we find nothing in the record to substantiate Foster's claim that the government's refusal to move for a downward departure on Foster's behalf was based on any unconstitutional motive or that it was not rationally related to a permissible government objective. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000). Accordingly, we affirm Foster's conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*